UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID HEMINGWAY,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | No. 1:20-cv-01367-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[21-DAY OBJECTION DEADLINE]** |

  Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on September 9, 2020, in the United States District Court for the Central District of California. On September 25, 2020, the Central District Court determined that venue was proper in the Eastern District and transferred the petition to this Court. The petition does not challenge the underlying conviction; it instead presents various claims concerning the conditions of his confinement. Accordingly, the Court will recommend it be DISMISSED.

**DISCUSSION**

A. Preliminary Review of Petition

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Civil Rights Claims

Petitioner does not challenge his conviction.  Rather, he alleges that: the "conditions of [Petitioner's] confinement illegally expose [him] to contracting COVID-19" because his "next door neighbor . . . tested positive twice"; he is assigned to "work in the dining hall, which was ground zero for COVID spread on [his] yard"; he "cannot maintain [a] 6-foot distance in [the] pill line or chow line"; and, he is "47 [and has] numerous medical conditions that put [him] in a high morbidity rate for exposure to COVID."  (Doc. 1 at 3.)  He further complains that he is "deprived of civilized measures of life's necessity[ies] in a pandemic" and that these actions amount to "wanton [and] deliberate disregard . . . for his health."  (Doc. 1 at 4.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition.  Id.  Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to

1 recharacterize the action.

2 Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint form in order for Petitioner to file a new civil rights action should he so choose.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 2, 2020**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE