UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID HEMINGWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, Warden,<br><br>    Defendant. | No. 1:20-cv-01367-DAD-SKO (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. Nos. 1, 8) |

Petitioner Michael David Hemingway is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 5, 2020, the assigned magistrate judge issued findings and recommendations, recommending that: (1) the pending habeas corpus petition be dismissed; (2) a certificate of appealability not issue; and (3) the Clerk of Court be directed to provide petitioner with a blank civil rights complaint form. (Doc. No. 8.) Specifically, the magistrate judge found that the claims petitioner is asserting in his petition—that the conditions of confinement impermissibly exposes him to contracting the COVID-19 virus and that petitioner is "deprived of civilized

1  measures of life's necessity[ies] in a pandemic" (Doc. No. 1 at 3–4)—were not cognizable in a
2  federal habeas action such as this one and that petitioner must instead seek relief with respect to
3  his claim challenging the conditions of his confinement by way of a civil rights action.  (*Id.* at 2–
4  3.)  The findings and recommendations were served on petitioner and contained notice that any
5  objections were to be filed within twenty-one (21) days of the date of service.  (*Id.* at 3.)  To date,
6  petitioner has filed no objections to the findings and recommendations, and the time for doing so
7  has now passed.

8  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
9  conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the
10 undersigned concludes that the findings and recommendation are supported by the record and
11 proper analysis.

12 Having found that petitioner is not entitled to habeas relief, the court now turns to whether
13 a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has no
14 absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
15 under certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
16 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
17 court issue or deny a certificate of appealability when entering a final order adverse to a
18 petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
19 Cir. 1997).  If, as here, a court denies a petition for a writ of habeas corpus, the court may only
20 issue a certificate of appealability when "the applicant has made a substantial showing of the
21 denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the
22 petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
23 that) the petition should have been resolved in a different manner or that the issues presented
24 were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473,
25 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Here, petitioner has not made
26 such a showing.  Therefore, the court declines to issue a certificate of appealability.
27 /////
28 /////

For the reasons set forth above:

1. The findings and recommendations issued on October 5, 2020 (Doc. No. 8) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability;
4. The Clerk of Court is directed to provide petitioner with a blank civil rights complaint form; and
5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **December 8, 2020**

UNITED STATES DISTRICT JUDGE

3